## McGinnis v. Cossar et al.

(Decided June 21, 1929.)

J. J. KAVANAUGH for appellant.

ARTHUR B. BENSINGER and HARRIS W. COLEMAN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Aubrey Cossar, was awarded the certificate of election as sheriff of Jefferson county, Kentucky, in November, 1925. In a contest proceeding that ensued, the election held in Jefferson county and the city of Louisville on November 3, 1925, was declared void, and the office of sheriff adjudged to be vacant. Taylor v. Nuetzel, 220 Ky. 510, 295 S. W. 873.

In June, 1927, Emmet O'Neal was appointed sheriff of Jefferson county by the Governor of Kentucky, and he qualified and acted as such until the November election, 1927, when Aubrey Cossar was elected to fill the unexpired term. He is a candidate for the Republican nomination in the August, 1929, primary for the same office, and, if the choice of his party, will be its candidate in the November, 1929, election for the four-year term beginning the first Monday in January, 1930. The eligi-

bility of Cossar for re-election to that office is before us for determination on this appeal.

Plaintiff a Republican voter and citizen of Jefferson county, brought this suit under the Declaratory Judgment Act to prevent Cossar's name from being placed upon the ballot in such primary. The chancellor denied the relief sought and dismissed the petition. Plaintiff appeals.

It is contended that, under the provisions of section 99 of the Constitution, Cossar is ineligible to succeed himself as sheriff. Section 99 of the Constitution provides in part:

"The first election of sheriff under this Constitution shall be held in eighteen hundred and ninety-two, and the sheriffs then elected shall hold their offices two years, and until the election and qualification of their successors. The sheriffs now in office for their first term shall be eligible to re-election in eighteen hundred and ninety-two, and those elected in eighteen hundred and ninety-two for the first term shall be eligible to re-election in eighteen hundred and ninety-four, but thereafter no sheriff shall be eligible to re-election or to act as deputy for the succeeding term."

In Schardein v. Harrison, 230 Ky. 1, 17 S. W. (2d) — we held that William B. Harrison, who was elected at the November, 1927, election to fill the unexpired term of mayor of the city of Louisville, was eligible for the succeeding term. Section 160 of the Constitution provides in part: "No mayor or chief executive or fiscal officer of any city of the first or second class, after the expiration of the term of office to which he has been elected under this Constitution, shall be eligible for the succeeding term." In construing this provision of the Constitution in Schardein v. Harrison, supra, we said:

" 'Term' is thus identified and defined as a certain and fixed period of four years. It commences when the mayor is elected and inducted into office and ends at the end of the four years for which he was elected. One or several persons may discharge the duties of the office during this period, but the term is not divided into smaller terms by the number of persons who may fill the office. It remains one and indivisible, and term follows term in successive

cycles of four years each. Nor does it die with the incumbent. On the contrary, if the incumbent or the one elected to the office shall resign, refuse to qualify, or be impeached or removed from office, the term remains unbroken until the recurring election for that office. When so considered, the words, 'No mayor, after the expiration of the term of office to which he shall have been elected . . . shall be eligible for the succeeding term,' evidently refer to a term of four years, and mean that a mayor who is elected to a full term may not be re-elected within eight years.''

As pointed out in that opinion, the word ''term,'' when used in relation to the office of sheriff, means a full term or a period of four years. In Jones v. Sizemore, 117 Ky. 810, 79 S. W. 229, 25 Ky. Law Rep. 1957, the court said: ''The term of the office of sheriff is four years, no more and no less. The present term throughout the state began with the first Monday in January, 1902. The term had but one beginning, and will have but one ending, though there may be a dozen incumbents during the one term.''

It is insisted, however, that the language found in section 99 of the Constitution differs from that found in section 160 of the same instrument and construed in the Harrison case, and that the words ''for the succeeding term,'' in the clause ''No sheriff shall be eligible to re-election or to act as deputy for the succeeding term,'' limit and qualify the words ''to act as deputy,'' and not the word ''re-election.'' This contention is unsound. The words ''for the succeeding term'' plainly limit and qualify the word ''re-election,'' as well as the words ''to act as deputy.'' Any other construction would disqualify a sheriff who has filled the office for a full term forever thereafter. Sheriffs serving under appointment are not disqualified, and, as said in Schardein v. Harrison, supra, ''certainly it was not intended to prefer appointees to electees in this particular.'' The words ''succeeding term'' imply a like term immediately preceding it. Wherever the word ''term'' appears in section 99 of the Constitution, it is a full term that is referred to. If the members of the constitutional convention had intended to render ineligible to succeed himself one who has held the sheriff's office for a fractional term, apt language could have been used to express such intention, and un-

216

doubtedly one who has held the office by appointment for a fragment of a term likewise would have been disqualified from succeeding himself, since the same reason for disqualification would apply to him as to one who had been elected for a fragment of a term. Section 99 specifically provided that sheriffs elected in 1892 for the two-year term should be eligible to re-election in 1894, and this indicates an intention that disqualification should apply only to sheriffs elected for a full four-year term.

Provisions in statutes and Constitutions imposing restrictions upon the right of a person to hold office should receive a liberal construction in favor of the right of the people to exercise freedom of choice in the selection of officers. Schardein v. Harrison, supra; 46 C. J 937. We conclude that only those sheriffs who have been elected to the full four-year term are ineligible for election to the succeeding term, and that the defendant Aubrey Cossar is eligible for re-election to the office of sheriff for the four-year term beginning in January, 1930.

Judgment affirmed.

The whole court sitting.