## Commonwealth ex rel. Wootton, Attorney General, v. McCall.

(Decided Nov. 27, 1934.)

BAILEY P. WOOTTON, Attorney General, and D. C. WALLS, Assistant Attorney General, for appellant.

R. CAMPBELL VanSANT for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

The commonwealth of Kentucky, on relation of the Attorney General, instituted this quo warranto proceeding against John E. McCall in the Boyd circuit court.

It is alleged in the petition that prior to July 1, 1933, the board of councilmen of Catlettsburg, a city of the fourth class, as authorized by section 3509, Kentucky Statutes, provided by ordinance that the city attorney should be elected by the qualified voters of the city at the same time and for the same term as the police judge; and that such ordinance has, since its enactment, been in full force and effect; that at the primary election in August, 1933, the defendant received the nomination as the Republican candidate for city attorney of Catlettsburg and, having received a majority of the votes cast at the ensuing November election, received a certificate of election, and thereafter and in proper time took the required oath and assumed said office and has since attempted to perform the duties pertaining thereto and is claiming the right to receive the fees and emoluments thereof without right or authority. The petition sets out that part of section 3509, Kentucky Statutes, which reads: "No person shall be eligible for city attorney except he be twenty-four years of age, have been a practicing lawyer for at least two years, * * *" and alleges that defendant was not at the time he attempted to assume the office of city attorney a practicing lawyer and had not theretofore practiced law for two years or for any other period of time and is not now nor was he at that time qualified or eligible to receive or accept or hold such office; that for the reasons set forth he is and has been, since the first Monday in January, 1934, a usurper of that office and is claiming the right thereto without authority.

By answer defendant traversed all material allegations relating to his ineligibility for the office of city attorney. After hearing evidence it was adjudged by the court that the petition be dismissed, and plaintiff is appealing.

The only question we are called upon to consider or determine by this appeal is whether appellee had been a practicing lawyer for two years as provided in the quoted provision of the statute.

It appears in evidence that appellee received his license to practice law and was admitted as a member of the Boyd county bar on May 17, 1898. He studied

law in the office of L. T. Everett prior to his admission to the bar and for about eight years thereafter remained in Mr. Everett's office and engaged in the practice of law. After leaving Mr. Everett's office he never maintained a law office but engaged in the lumber business and was interested in a drug store and served for a number of years as United States Commissioner. He testified that he practiced five or six cases in the circuit court and had a number of cases in the police and magistrate's courts. As we understand the evidence, most of the cases in the circuit court in which he was engaged were pending while he was in Mr. Everett's office, but he had some cases in the police court shortly before he assumed the office of city attorney. Some witnesses who were called by appellant testified that they knew of one or two suits which he had practiced, and a number of others who had known and associated with him for a number of years testified that they had no knowledge of his ever having engaged in the practice of law.

No case has been pointed out by counsel for either party, and we have found none, directly in point or bearing close analogy to this case. There are, however, a number of cases involving a violation of statutes forbidding corporations to practice law or forbidding individuals who hold certain official positions or who have not met certain requirements of the law from engaging in such practice.

In the case of State v. Bryan, 98 N. C. 644, 4 S. E. 522, it was held in effect that to constitute the "practice of law" within the meaning of a statute prohibiting a justice of the peace from practicing law in a county in which he holds such office, it is necessary that the person charged with its violation shall have continuously or habitually held himself out to the people as a lawyer or that he demanded compensation as such.

In Wheatley v. State, 79 Tenn. (11 Lea) 262, an act exempting practicing attorneys from jury service was construed as meaning one who chooses the business of the profession of the law as his avocation or calling.

In Beaver Brook Resort Co. v. Stevens, 76 Colo. 133, 230 P. 121, it is said that the practice of a profession is holding oneself out as following it as one's usual calling or business. See, also, State v. Fisher, 103 Neb. 736, 174 N. W. 320; In re Bailey, 50 Mont. 365, 140 P. 1101, Ann. Cas. 1917B, 1198; People v. Alfani, 227 N.

Y. 334, 125 N. E. 671; People v. People's Trust Co., 180 App. Div. 494, 167 N. Y. 767; McCargo v. State (Miss.) 1 So. 161.

The statute, as will be seen, merely provides that to render one eligible for the office of city attorney he shall, in addition to other things enumerated, have been a practicing lawyer for two years. There is no condition or restriction as to when he shall have been engaged in such practice with relation to the time of his election or qualification, nor as to the extent of his business or experience while engaged in the practice of his profession. The Legislature could not well go further in fixing a standard of eligibility in this respect, since interminable confusion would necessarily follow as a result of an attempt to particularize concerning the extent of the practice, or the experience or skill acquired during the two year period.

The manifest purpose of this statutory provision is to safeguard the city against the imposition of neophytes, and to secure for it the service of one who by experience and training in the practice of law will likely be better fitted to skillfully and efficiently handle the legal affairs of the municipality. But having fixed the standard of experience at two years, the lawmakers have wisely refrained from attempting to go further and have left it to the wisdom of the voters to determine whether the candidate is by character, intellect, and tempermental endowment, as well as by training and experience, qualified to discharge the duties of the office. Since there is no ambiguity in the wording of the statute and it is obvious that the General Assembly purposely refrained from imposing conditions other than those clearly expressed, it is not permissible for the court to read into the statute anything thus omitted and unnecessary to give it effect.

After having been admitted to practice, appellee maintained an office with another attorney and continuously for eight or ten years held himself out to the public as a lawyer and was paid compensation for services performed as such. During that time, so far as the record discloses, he followed no other profession or calling. Either because his services as an attorney were not eagerly sought or for other reasons not disclosed, his practice was very limited. However, he did take such business as he desired or as came his way, as the

case may be, and engaged in the preparation and presentation of cases and rendered other legal services. After quitting the office of Mr. Everett and prior to his election, he at times represented litigants in the police and other courts. It is therefore apparent, and we are constrained to hold, that prior to his election he was a practicing lawyer for more than two years within the meaning of the statute.

Judgment affirmed.