## Howton v. Morrow et al.

(Decided June 1, 1937.)

NEVILLE MOORE for appellant.

H. F. S. BAILEY for appellee Carroll Morrow.

B. N. GORDON for appellee Irene Hatcher.

FRANK D. BERRY for other appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In this action brought under the Declaratory Judgment Act (Civ. Code Prac. sec. 639a—1 et seq.) by Elmer Howton, a resident and voter of Hopkins

county, the eligibility of the appellee Carroll Morrow for the office of county attorney of Hopkins county is in issue.

The appellee Morrow is a candidate for the nomination of the Democratic party for the office of county attorney of Hopkins county for the four-year term beginning the first Monday in January, 1938. His opponent for the nomination, Frank D. Berry, intervened in the action and asked that Morrow be adjudged eligible to hold the office. The case was submitted upon an agreed statement of facts, and it was adjudged that Morrow was eligible to hold the office of county attorney for the term beginning on the first Monday in January, 1938, and it was further adjudged that it was the duty of the county clerk, who was made a defendant, to cause Morrow's name to be printed on the official Democratic ballot as a candidate. The facts giving rise to the controversy are these:

Morrow was issued a license to practice law in September, 1932, and on September 26, 1932, was administered the oath of office as attorney at law. He then entered into the practice of law in Hopkins county and continued to practice, and was a practicing attorney when he was elected clerk of the Hopkins circuit court at the regular election in November, 1933. He qualified as circuit clerk on the first Monday in January, 1934, and since that time has not accepted any new employment in cases pending in the courts of this state. At the time he qualified as circuit clerk, he was acting as attorney in a number of cases pending in the Hopkins circuit court and in one bankruptcy proceeding, and he continued to act as attorney in these cases until they were disposed of. The last case was stricken from the docket in February, 1935. Since his qualification as clerk of the Hopkins circuit court, he has, at various times, rendered services as an attorney at law in the preparation of deeds, wills, and other legal instruments and documents. He possesses all of the other necessary legal qualifications.

It is appellant's contention that the appellee, by accepting the office of circuit court clerk, limited his right to practice law and therefore has not been a practicing lawyer since the first Monday in January, 1934, within the meaning of section 100 of the Kentucky Constitution, which provides that "no person shall be eligible to the office of county attorney unless

he shall have been a licensed practicing lawyer two years.'' Section 110 of the Kentucky Statutes provides that a clerk or deputy clerk of any court ''shall not practice law or render any service as an attorney or counsellor-at-law, in any of the courts of this Commonwealth, except in such cases as he may have been employed in previous to his election, or in cases in which he may be personally interested.'' All persons are equally eligible for office unless they are excluded by some constitutional or legal disqualification, and, consequently, provisions in statutes and Constitutions imposing restrictions upon the right of a person to hold office should receive a liberal construction in favor of his eligibility. McGinnis v. Cossar, 230 Ky. 213, 18 S. W. (2d) 988; Schardein v. Harrison, 230 Ky. 1, 18 S. W. (2d) 316. It would be a narrow construction of section 100 of the Constitution to hold that appellee was not a practicing lawyer within its meaning after the first Monday in January, 1934, merely because his right to practice was limited to a certain extent by reason of his acceptance of the office of circuit clerk. He did continue to practice until February, 1935, in the courts of this commonwealth in cases in which he had been employed previous to his election, and he prepared wills, deeds, mortgages, and other legal instruments, gave legal advice, and held himself out as an attorney at law willing and ready to accept employment in all lines of the profession except the one prohibited by section 110 of the Statutes. The Supreme Court of South Carolina, in a proceeding against a disbarred attorney for contempt in practicing law, defined the term ''practicing law'' as follows:

> ''It is too obvious for discussion that the practice of law is not limited to the conduct of cases in courts. According to the generally understood definition of the practice of law in this country, it embraces the preparation of pleadings, and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts, and, in addition, conveyancing, the preparation of legal instruments of all kinds, and, in general, all advice to clients, and all action taken for them in matters connected with the law. An attorney at law is one who engages in any of these branches of the practice of law.''

4

In re Duncan, 83 S. C. 186, 65 S. E. 210, 211, 24 L. R. A. (N. S.) 750, 18 Ann. Cas. 657.

Barr v. Cardell, 173 Iowa, 18, 155 N. W. 312, 316, was an election contest case involving the eligibility of the successful candidate for the office of judge of a city superior court. An Iowa statute required judges of city superior courts to be practicing attorneys at law at the time of their election. The contestee was at one time actively engaged in the practice of law, but, many years before his election to the office of superior judge, had discontinued trial work and had disposed of his library. He did not attend court, but maintained an office chiefly, it seems, for the purpose of lending money, but was consulted by clients, gave legal advice, and prepared contracts, wills, and other instruments. In holding that he was a practicing attorney within the meaning of the statute, the court said:

"He was 'practicing as an attorney at law' quite as definitely as though he had spent his time in the trial of cases in court; in fact, many of the most learned and successful lawyers are never seen at the trial table. Their is what is commonly known as an office practice. * * *

"One may be a practicing attorney in following any line of employment in the profession. If what he does exacts knowledge of the law and is of a kind usual for attorneys engaging in the active practice of their profession, and he follows some one or more lines of employment such as this, he is a 'practicing attorney at law' within the meaning of the statute."

Practicing law is not confined to performing services in actions or proceedings in courts of justice, but includes giving advice and preparing wills, contracts, deeds, mortgages, and other instruments of a legal nature. In Commonwealth, etc., v. McCall, 256 Ky. 526, 76 S. W. (2d) 594, 595, the right of McCall to hold the office of city attorney of Ashland was challenged on the ground that he had not been a practicing lawyer for two years within the meaning of section 3509, Kentucky Statutes, which reads:

"No person shall be eligible for city attorney except he be twenty-four years of age, have been a practicing lawyer for at least two years."

The evidence showed that McCall had been licens-

ed to practice law many years before his election, but that he had practiced in a very limited way and practically all of his time had been devoted to other pursuits. It was held that he was eligible. The court said:

"The statute, as will be seen, merely provides that to render one eligible for the office of city attorney he shall, in addition to other things enumerated, have been a practicing lawyer for two years. There is no condition or restriction as to when he shall have been engaged in such practice with relation to the time of his election or qualification, nor as to the extent of his business or experience while engaged in the practice of his profession. The Legislature could not well go further in fixing a standard of eligibility in this respect, since interminable confusion would necessarily follow as a result of an attempt to particularize concerning the extent of the practice, or the experience or skill acquired during the two year period.

"The manifest purpose of this statutory provision is to safeguard the city against the imposition of neophytes, and to secure for it the service of one who by experience and training in the practice of law will likely be better fitted to skillfully and efficiently handle the legal affairs of the municipality. But having fixed the standard of experience at two years, the lawmakers have wisely refrained from attempting to go further and have left it to the wisdom of the voters to determine whether the candidate is by character, intellect, and temperamental endowment, as well as by training and experience, qualified to discharge the duties of the office. Since there is no ambiguity in the wording of the statute and it is obvious that the General Assembly purposely refrained from imposing conditions other than those clearly expressed, it is not permissible for the court to read into the statute anything thus omitted and unnecessary to give it effect."

The appellee has been a practicing lawyer for more than two years, and, though his practice has been limited to some extent by reason of his acceptance of the office of circuit court clerk, we do not think this has rendered him ineligible to hold the office of county attorney.

The judgment is affirmed.