Nolan CARTER, Chairman, Kentucky State Bar Association's Committee on Unauthorized Practice, Complainant,

v.

W. J. BRIEN, Jr., Clerk, Marshall County Court, Benton, Ky., Respondent.

Court of Appeals of Kentucky.

Nov. 30, 1956.

R. P. Moloney, Jr., Lexington, for complainant.

John C. Lovett, Benton, for respondent.

PER CURIAM.

This is a companion case to Nolan Carter, etc., against B. L. Trevathan, this day decided. The only difference between the two cases is that here W. J. Brien, Clerk of the Marshall County Court, who is not a lawyer, is charged with the unauthorized practice of law in that he prepared and filed in the Marshall County Court seven petitions for probate of wills and appointment of administrators set out in the petition the Bar Association filed against him, while Trevathan was charged with writing four deeds for various persons. A rule was issued by the clerk of this court against Brien under RCA 3.520 to show cause, if any he could, why he should not be punished for contempt of this court for engaging in the unauthorized practice of law.

The response filed by Brien, supported by his affidavit, as well as the affidavits of the county judge and the county attorney, is to the effect he only filled in the blanks of certain forms kept in his office which were then signed by the applicant as his own attorney. Brien made no charges for his services and insists he acted only as an amanuensis at the instance of the county at-

torney, the county judge or some other attorney. Brien says he did not intend to, and did not, engage in the practice of law and would not have prepared these papers had he known there were any objections to his so doing.

There is a "joint motion" signed by Brien's attorney and the attorney representing the Bar Association asking that respondent be held in contempt of this court and fined $1 and court cost; that the complaint be dismissed as to three of the matters complained of in the petition, because the applications for appointment of administrators in these three instances were prepared in the presence of the county attorney and at his direction. But the attorney representing the Bar Association did not join in and resists that part of the motion asking that respondent not be required to pay the expense the Bar Association incurred in investigating the charges against him.

■ What was written in the Trevathan opinion, and the authorities there cited, apply with equal force here. When Brien was acting upon the advice or under the directions of the county attorney, county judge or any other duly licensed lawyer, his position is sound that he was serving only in the capacity of an amanuensis and was not practicing law. However, when he was acting purely on his own volition for some friend, political supporter or business associate in drawing probate papers to be filed in his office, even though they were to be signed by the applicant, he was engaged in the unauthorized practice of law.

■ It will be noted that RCA 3.020 expressly provides that one not holding himself out as a practicing attorney may write any instrument *to which he is a party,* when he acts without consideration unto himself therefor. The italicized words are in the nature of a personal exception to one who is acting solely on behalf of himself. To come within the exception of RCA 3.020, one, who is not a lawyer, must not only act without consideration for his services

in drawing the paper but he must be a party to, or his name must appear in, the instrument as one to be benefited thereby. The fact that he may have a pecuniary interest therein, will not suffice to relieve him from the charge of unauthorized practice of law in drawing a legal paper.

We end this opinion as we did in the Trevathan case by saying that as respondent acted innocently and in good faith, we think ample punishment is a fine of $1 and the cost of this court, and we will not place upon him the expense the Bar Association incurred in making the investigation of the charges against him.

It is therefore ordered that respondent, W. J. Brien, Jr., be, and he is now, held in contempt of this court for the unauthorized practice of law and his punishment is fixed at a fine of $1 and the cost of the proceedings in this court.