Nolan CARTER, Chairman, Kentucky State Bar Association's Committee on Unauthorized Practice, Complainant,

v.

B. L. TREVATHAN, Respondent.

Court of Appeals of Kentucky.

Nov. 30, 1956.

As Modified Feb. 14, 1958.

R. P. Moloney, Jr., Lexington, for complainant.

W. L. Prince, Prince & Prince, Benton, for respondent.

PER CURIAM.

This proceeding is on a petition filed in this court by Nolan Carter, Chairman of the Committee of the State Bar Association on Unauthorized Practice of Law, against B. L. Trevathan, President of the Bank of Marshall County, who is not a lawyer, charging him with the unauthorized practice of law under RCA 3.020 in that he wrote four deeds for various persons set out in the petition the Bar Association filed against him. A rule was issued by the clerk of this court against Trevathan under RCA 3.530 to show cause, if any he could, why he should not be punished for contempt of this court for engaging in the unauthorized practice of law.

Trevathan's response to the rule issued against him is in the form of an affidavit whch states he made no charges for writing the deeds; he acted in good faith and had no intention to, and did not, engage in the practice of law, and would not have prepared these deeds had he known there were any objections to his writing them. In drawing the deeds he was acting for his bank which had a pecuniary interest in the transactions, in that it had furnished the money involved in them.

There is a "joint motion" signed by Trevathan's attorney and the attorney representing the Bar Association asking that respondent be held in contempt of this court and fined $1 and court cost, but asking that he be not required to pay the expense incurred by the Bar Association in investigating the charges against him, since he acted in good faith not believing he was engaging in the practice of law. But the attorney representing the Bar Association did not join in and resists that part of the motion asking that respondent not be required to pay the expense the Bar Association incurred in investigating the charges against him.

The Bar Association does not question the good faith of Trevathan in writing the deeds about which it is now complaining, but insists the issue is whether he was engaging in the unauthorized practice of law in writing them, and as Trevathan admits he is technically guilty and offers to accept a fine of $1 and to pay the cost in this court, he also should be required to pay the expense incurred by the Association in its investigation of the matter.

In the enactment of our Integrated Bar Act, the Legislature authorized this court to make rules governing the practice of law in this State, as well as governing the State Bar. Subsection 2 of KRS 30.170 reads: "The rules of court adopted and promulgated under this section shall supersede all laws or parts of laws in conflict therewith, to the extent of the conflict." In Com. ex rel. Ward v. Harrington, 266 Ky. 41, 98 S.W.2d 53, we upheld the constitutionality of the Intergrated Bar Act and said this court possesses inherent power to make the rules and regulations set forth therein. And in Hobson v. Kentucky Trust Company of Louisville, 303 Ky. 493, 197 S.W.2d 454, 457, we approved what was written in the Ward opinion.

Our rule, RCA 3.020, defining the practice of law reads:

" 'The practice of law' is any service rendered involving legal knowledge or legal advice, whether of representation, counsel, advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services. But nothing herein shall prevent any person not holding himself out as a practicing attorney from * * * drawing any instrument to which he is a party without consideration unto himself therefor." See also KRS 30.170 (3).

There is set out in RCA 3.530 the procedure to take in this court against one charged with the unauthorized practice of law, which was followed here. Thus we have authority to hold respondent Trevathan in contempt, fix his punishment at a fine and the cost of this proceeding and we may assess against him the cost incurred by the Bar Association in investigating his conduct relative to the unauthorized practice of law. Since he in effect has pleaded guilty to contempt for engaging in the unauthorized practice of law and has offered to confess a fine of $1 and the costs in this court, our sole problem is to determine the extent of the punishment to be inflicted.

In the Hobson opinion, 303 Ky. 493, 197 S.W.2d 454, at page 460 et seq., there is rather a full discussion as to what constitutes the practice of law and many authorities are there cited, hence we see no necessity of reiterating here what was written there. It will suffice to say we there wrote the practice of law is not limited to the conducting of cases in courts but includes giving advice, preparing wills, papers for probate and the appointment of personal representatives and guardians, writing deeds, mortgages and other papers of a legal nature.

It will be noted that RCA 3.020 expressly provides that one not holding himself out as a practicing attorney may write any instrument *to which he is a party,* when he acts without consideration unto himself therefor. The italicized words are in the nature of a personal exception to one

**748**

who is acting solely on behalf of himself. To come within the exception of RCA 3.020, one, who is not a lawyer, must not only act without consideration for his services in drawing the paper but he must be a party to, or his name must appear in, the instrument as one to be benefited thereby. Merely having a pecuniary interest, direct or indirect, in the transaction covered by the instrument he draws will not suffice to relieve him of the charge of unauthorized practice of law unless he is a party to, or his name appears in, the paper as one of the beneficiaries thereof. However, if one, who is not a lawyer, is an officer of a corporation or a member of a firm or partnership, not acting in a fiduciary capacity, he may under RCA 3.020 draw a legal instrument for or on behalf of the corporation, firm or partnership if it is a party to the instrument, provided he receives no remuneration for that particular service. But this does not mean that an officer of a corporation, firm or partnership, who is not a licensed lawyer, can draw a will naming his institution as the personal representative of the testator, nor engage in probate or other legal proceedings, and no corporation, through employed attorneys or otherwise, shall practice law as defined in RCA 3.020.

Since the respondent, Trevathan, in this instance acted innocently and no complaint was made against him until after he had prepared the deeds, and as he made no charges for his services and has confessed his error and has exhibited a spirit of cooperation rather than defiance, we think justice will be better served in this instance by letting him pay a fine of $1 and the cost in this court, and we will not place upon him the expense the Bar Association incurred in making the investigation of the charges against him.

It is therefore ordered that the respondent, B. L. Trevathan, be, and he is now, held in contempt of this court for the unauthorized practice of law and his punishment fixed at a fine of $1 and the cost of the proceeding in this court.