James H. FRAZEE, Individually, etc., et al.,
Appellants,

v.

CITIZENS FIDELITY BANK & TRUST
COMPANY et al., Appellees.

Court of Appeals of Kentucky.

June 26, 1964.

As Modified and Extended on Denial
of Rehearing July 2, 1965.

As Modified Sept. 15, 1965.

Wilbur Fields, Louisville, for appellants.

Thomas W. Bullitt, Lee Curd Miller, Bullitt, Dawson & Tarrant, Louisville, for Citizens Fidelity Bank & Trust Co.

James W. Stites, Stites, Peabody & Helm, Louisville, for Kentucky Trust Co.

Squire Ogden, Ogden, Brown, Robertson & Marshall, Louisville, for Louisville Trust Co. and Lincoln Bank & Trust Co.

Ben F. Washer, Joseph J. Kaplan, Louisville, for Liberty Nat. Bank & Trust Co.

F. Trowbridge vom Baur, Washington, D. C., amicus curiae.

Bert T. Combs, Lexington, Robert E. Hatton, Louisville, amici curiae on petition for rehearing.

WILLIAMS, Judge.

This is a contempt proceeding seeking injunctive relief and penalties against five trust companies for the unauthorized practice of law in performance of their fiduciary services. As fiduciaries, the trust companies, through salaried lay and legal employees, appear in probate court, draft all necessary papers and make final settlements of a number of estates without other legal counsel. They solicit fiduciary business through the local news media and occasionally refer to the value of legal aid in drafting wills or in preparing an estate plan. Tax and estate publications are sent to many customers. Some of the materials focus upon the ability of the trust company to analyze, plan and suggest possible improvements in estates of prospective customers.

The circuit court held the activities of the trust companies, except for certain language in the advertisements related to planning of estates, were not condemned by Hobson v. Kentucky Trust Co. of Louisville, 303 Ky. 493, 197 S.W.2d 454 (1946). The Bar Associations appealed.

The appellants contend that the trust companies have been practicing law as prohibited by our opinion in Hobson v. Kentucky Trust Co. of Louisville, supra, and subsequent opinions of this Court. The trust companies rely upon *Hobson* as specifically permitting the activities complained about here. Moreover, it is argued, the legislature has provided that a fiduciary is not required to be represented by an attorney. KRS 395.145.

Practice of law is defined in RCA 3.020 as follows:

"'The practice of law' is any service rendered involving legal knowledge or legal advice, whether of representation, counsel, advocacy in or out of

court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services. But nothing herein shall prevent any person not holding himself out as a practicing attorney from drawing any instrument to which he is a party without consideration unto himself therefor."

■ The basic consideration in suits involving unauthorized practice of law is the public interest. Public interest dictates that the judiciary protect the public from the incompetent, the untrained, and the unscrupulous in the practice of law. Only persons who meet the educational and character requirements of this Court and who, by virtue of admission to the Bar, are officers of the Court and subject to discipline thereby, may practice law. The sole exception is the person acting in his own behalf.

■ Although an inferior court in the judicial system, the county court is no less subject to general control by this Court than other courts. Legal rights and obligations are as much at stake in county court as in other courts. Appellees' description of probate practice as merely filling out forms and adding figures belies the fact that what may appear simple to the untrained may be highly complex and determinative in its effect upon the legal rights or obligations of those involved. (Simplicity is not the test anyway; if it were, drafting of deeds, wills and trusts which appear simple would not be practice of law.) If any individual or corporation, not having a beneficial interest, were permitted to invoke jurisdiction of the probate court, the public could become prey to the solicitations of the untrained and unscrupulous, and the court would be without adequate or effective control of practice before it.

■ Since our opinion in the *Hobson* case, we have held that preparing and filing petitions for probate of wills, appointment of administrators and final settlement in county court, is unauthorized practice of law when done voluntarily by persons without a beneficial interest in the corpus of the estate. Carter v. Brien, Ky., 309 S.W.2d 748 (1956); Winkenhofer v. Chaney, Ky., 369 S.W.2d 113 (1963). Fiduciaries are in no different position, with respect to practice of law, from the defendants in the *Brien* and *Chaney* cases. The "party" who is excepted from the definition of practice of law in RCA 3.020 is one who has a beneficial interest in the estate administered by the fiduciary.

■ Faced with our constitutional responsibilities and in view of the public interest, we conclude that invoking the jurisdiction of the county probate court through pleadings or appearances is the practice of law. Consequently, when probate or fiduciary documents are filed in the probate court or other court of record by a corporate fiduciary, they must be in the name and by the authority of a licensed attorney, except as otherwise herein provided. Of course, a corporation may not engage in the practice of law through salaried attorneys even as an incident to its commercial business. See Kentucky State Bar Ass'n v. First Fed. Savings & Loan Ass'n, Ky., 342 S.W.2d 397, 85 A.L.R. 2d 178 (1961), and cases cited therein.

We are strengthened in our conclusion by many decisions from our sister states. For example, in Michigan, practice in county court on a probate matter is practice of law no less than in any other court. Grand Rapids Bar Ass'n v. Denkema, 290 Mich. 56, 287 N.W. 377 (1939). And in Minnesota, such practice, except by a person acting in his own behalf when he is a party thereto, must be done by a regularly licensed attorney. In re Otterness, 181 Minn. 254, 232 N.W. 318, 73 A.L.R. 1319 (1930). In Arkansas Bar Association v. Union National Bank of Little Rock, 224 Ark. 48, 273 S.W.2d 408 (1954), it was held that a bank appearing in court through its salaried attorneys in connection with the

administration of estates and trusts in which it had been named fiduciary was engaged in the unauthorized practice of law. The Supreme Court of Arkansas said:

> " * * * an individual or a corporation * * * is not looking after its own business when, acting as an administrator, an executor, guardian or in a similar fiduciary capacity, it undertakes to use the processes of the courts of this state in administrating and settling the affairs of its *cestui que trust*."

■■■ Under Kentucky's form of government, the judiciary is a distinct department of governmental power (Kentucky Constitution, Sec. 27); this power may not be exercised by the other departments of government. Kentucky Constitution, Sec. 28. The Court of Appeals has been delegated the responsibility of general control of inferior jurisdictions. Kentucky Constitution, Sec. 110. The power to define the practice of law and supervise the judicial system rests in the judiciary. KRS 30.170. The Rules of the Court of Appeals supersede all laws in conflict therewith. KRS 30.170(2). Thus, insofar as KRS 395.145 provides that "no fiduciary shall be required to be represented by an attorney," it is ineffectual and superseded by the Rules of this Court.

■■■ This Court is not unaware of the uncertainty created by the *Hobson, Brien* and *Chaney* cases. Subject to various interpretations, the Hobson opinion was cited by both parties in support of their positions. In view of these circumstances, we are not constrained to assess a fine, but the appellees are permanently enjoined from practicing law as defined herein. The *Hobson* opinion is overruled to the extent that it may be inconsistent with our opinion in this case.

■■■ The trial court entered a declaration of rights with respect to advertising, wherein it was stated:

> "It is specifically declared that the defendants do not have the right to advertise their services in such manner as to assert the claim that they or their officers are (independent of specific advice from lawyers) authorized or permitted to plan, or make suggestions for the savings to be effected by the planning of, the legal aspects of estates of decedents or the settlors of voluntary trusts."

This ruling is affirmed and the appellees permanently enjoined from any advertising inconsistent therewith.

This Court recognizes the administrative problem surrounding this controversy. State and national organizations, representative of the parties hereto, have likewise recognized these problems and have undertaken a solution calculated to be in the best interest of the public in general and their clients in particular.

The Standing Committee on Unauthorized Practice of the Law of the American Bar Association and the Executive Committee of the Trust Division of the American Bankers Association have adopted a Statement of Policies in a joint effort to establish the rights, duties, and obligations of both in their transactions and representations of the public. This opinion is extended to include the following declaration of policies contained in those agreements.

■■■ Trust institutions shall neither perform services which constitute the practice of law nor otherwise engage in such practice; therefore, they shall not draw wills or other legal documents or perform services in the administration of estates and trusts where such acts by law are considered the practice of law.

The development of trust business by a trust institution shall be on the basis of assistance to the customer in the use of the institution's trust services and facilities as related to his business or financial matters.

■ In all legal questions which may arise in the development of trust business, the trust institution shall advise the customer to confer with a lawyer of his own choosing.

■ The trust institution shall respect and not interfere with the professional relationship existing between an attorney and his client, and an attorney shall respect and not interfere with the business relationship existing between a trust institution and its customer. It is recognized, however, that in all cases the interest of the client is paramount. An attorney shall not seek to displace the institution of the client's choice by inducing the appointment of some other institution or individual unless the client's affairs demand services peculiar to some particular institution or individual, or unless it appears that the true interest of the client will suffer if such substitution is not made.

If the trust institution is requested by its customer to recommend counsel, any counsel so recommended shall be in a position to advise the customer disinterestedly, and it is preferable that the trust institution, when making such recommendations of counsel to its customer, submit, without recommending one above another, the names of several attorneys in whom it has confidence, leaving the choice of the selection to the customer.

■■ A trust institution, qualified and authorized by law as a legitimate business enterprise, has an inherent right to advertise its trust services in appropriate ways. It shall not, directly or indirectly, offer to give legal advice or render legal services, and there shall be no invitation to the public, either direct or by inference in such advertisement, to bring their legal problems to the trust institution. Its advertisement shall be dignified and the qualifications of the institution shall not be overstated or overemphasized, and it shall not be implied in any advertisement that the services of a lawyer are only second-

ary or ministerial, or that by the employment of the services of the trust institution, the employment of counsel to advise the customer is unnecessary.

In the absence of any reason to the contrary, the trust institution shall endeavor to engage the attorney who drew the instrument, or who represented the testator or donor, to perform any legal work required in the course of trust or estate administration.

While services relating to the administration and settlement of estates and other matters not specifically determined herein shall be performed within the guidelines of this opinion, in order to aid the parties and inform the public of the important legal services and complicated administrative functions often involved in the settlement of estates, trusts and guardianships, we further detail some of the areas determined to be within the authority and competence of lawyers and the banks.

■ The following services shall not be performed by a bank or trust company, either through salaried attorneys or lay employees:

1. Drafting wills or trust instruments.

2. Offering wills for probate.

3. Handling formal court proceedings.

4. Drafting papers or giving advice concerning revocation of wills.

5. Resolving questions of domicile and residence.

6. Handling proceedings involving allowance of widows, children, or wards.

7. Drafting deeds and mortgages.

8. Preparation or filing of assignments of rent.

9. Drafting any formal legal documents to be used in the discharge of a corporate fiduciary's duty.

10. Giving legal advice or legal counsel, orally or written, to any person, firm or corporation.

11. In estate and inheritance taxes, and federal and state income tax matters:

    a. Executing waivers of statute of limitations, without the advice of the attorney for the estate, trust or guardianship and/or a specialized outside tax attorney.

    b. Preparing and filing protest or claims for refund, except requests for a refund based on mathematical or clerical errors in tax returns filed by it as a fiduciary.

    c. Conferring with tax authorities regarding protests or claims for refund, except those based on mathematical or clerical errors in tax returns filed by it as a fiduciary.

    d. Handling petitions to the Tax Court.

12. Securing appropriate court orders for the prompt sale or disposition of such assets of the estate as may be subject to depreciation, deterioration or loss.

13. Preparing contracts or court orders as may be required to conserve the estate or operate the business of the decedent during the course of administration.

14. Terminating any pending litigation in which decedent had an interest.

15. Instituting or defending on behalf of the executor, administrator or trustee any litigation.

The following services relating to the administration of estates, trusts, guardianships or other fiduciary activities may be performed by a bank or trust company:

1. Using form custodians and management agent agreements prepared by its counsel.

2. Discussing the business and financial aspects of fiduciary relationships with customers and prospective customers and with persons who are considering a renunciation of the right to qualify as executor or administrator, or who propose to resign as a guardian or trustee.

3. Performing any clerical, accounting, financial, or business acts in the preparation of any inventory or account required of it as a fiduciary. Filing such inventory and account after furnishing a copy to the attorney for the estate, trust or guardianship in order that all legal aspects may be verified.

4. Performing acts jointly for themselves and for a co-fiduciary relating to their joint duties, provided such duties, under this Statement, are otherwise proper for trust companies acting alone.

5. Acting as an agent for a foreign corporate fiduciary and performing such services as would be permitted under this Statement if the trust company were acting as the fiduciary.

6. Acting for the protection of their interest as fiduciaries in insolvency proceedings short of formal hearings before a referee in bankruptcy or in court.

7. Making appointments with the custodian of security for opening safe-deposit boxes.

8. Opening safe-deposit boxes.

9. Publishing notice to creditors.

10. Searching tax records to determine the real and personal property which decedent had listed for tax purposes.

11. Marshaling assets of the estate; providing for the security and preservation of the interest of all beneficiaries of an estate, trust or guardianship.

12. Providing for the prompt protection or disposition of the assets of an estate, trust or guardianship that may be perishable, subject to rapid depreciation or otherwise in peril.

13. Paying uncontested claims.

14. Giving notice of the termination of a lease because of default by the lessee.

15. Demanding and receiving payment of life insurance policies payable to the estate of the fiduciary's decedent or to the corporate fiduciary as trustee or as guardian.

16. Demanding and collecting claims, without litigation.

17. Filing a copy of a will in a county other than the county of the decedent's domicile.

18. Demanding the foreclosure of deeds of trust which are in default.

19. Notifying beneficiaries under a testator's will by furnishing such beneficiaries with applicable portion of testator's will relating to each beneficiary.

20. Securing death tax waivers in order to transfer property from the decedent's estate.

21. Giving and taking receipts of all types.

22. Engaging in advertising the business and financial aspects of their services as executor, trustee, or guardian and estate planner with a clear statement that all legal implications involved in each service will be handled in cooperation with the customer's own attorney.

23. Performing ministerial and clerical acts in the preparation and filing of any tax return required of it as a fiduciary.

  a.  In the case of a federal estate or Kentucky inheritance tax return, filing such return after furnishing a copy to the attorney for the estate and affording him an opportunity to question and discuss same.

  b.  In the case of fiduciary income and intangibles tax returns, copies of such returns shall be furnished the attorney for the estate, trust or guardianship prior to filing upon request by such attorney.

24. Collecting rents, payments due, interest, dividends and other income due the estate or trust.

25. Keeping all buildings and fixtures in repair during the course of administration of the estate or trust.

26. With court authority, continuing to operate any business of decedent.

27. Assembling such information and records as may be needed for the preparation and filing of any partial or intermediate settlement required by the court.

28. Assisting in location of heirs, their names, ages, residence and degree of relationship.

▆▆▆ Nothing in this opinion shall be construed to require the employment of an attorney in connection with the administration of every estate, trust or guardianship, but an independent attorney shall be retained in the event it becomes necessary to render any of the legal services detailed herein.

In the event such independent attorney is retained, he shall render any and all other legal services which may be necessary or appropriate in connection with the administration thereof.

The organizations heretofore referred to have recommended the creation of special committees for the purpose of implementing and making effective these principles and the cooperative solution of misunderstandings in relation thereto. Since this Court has constituted the Board of Governors and adopted Rules calculated to effect this purpose, we deem further direction with respect to such recommendation unnecessary at this time. This case remains on the docket of this Court to enable the parties to promptly dispose of future matters coming within the subject matters of this opinion.

The judgment is affirmed in part and reversed in part, with directions to enter a new judgment not inconsistent with this opinion.