**KENTUCKY STATE BAR ASSOCIA-
TION, Complainant,**

**v.**

**CENTRAL KENTUCKY ENTERPRISES,
INC., a Kentucky corporation,
Respondent.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

Leslie G. Whitmer, Frankfort, for complainant.

Robert C. Hoffman, Erlanger, for respondent.

PER CURIAM.

Under the rationale of Kentucky State Bar Association v. Tussey, Ky., 476 S.W.2d 177 (1972), the drafting of a deed or real estate mortgage by a corporation which is a beneficial party to it does not constitute the unlawful practice of law by the corporation, but it does constitute the unlawful practice of law by the corporate agent who drafts it unless he is a member of the bar. In this case the instruments in question were drawn by Brenda Parker, an officer of the respondent corporation, who is not a member of the bar.

She, therefore, has engaged unlawfully in the practice of law, but she is not a party to this proceeding, which is against her corporate principal alone.

In citing our observation in *Tussey* to the effect that a corporation's inability to draw legal instruments through a layman is no more remarkable than its inability to be so represented in court the Bar Association apparently misapprehends its meaning. The reason the corporation cannot do these things is that the layman will not be permitted to do them for it. It is the layman, not the corporation, who is committing the forbidden act.

We do not suggest that there can be no relief against a corporation in such circumstances. On the contrary, it may be enjoined from causing or procuring others. including its officers and employes, to engage in the unauthorized practice of law in its behalf, and if it violates the injunction it may be held in contempt—not for practicing law, but for disobeying the injunction.

In a previous proceeding this respondent has already been enjoined from engaging in the unauthorized practice of law and fined for having done so. The circumstances of that proceeding were exactly the same as in this instance, hence it is *res adjudicata*, except that the previous draftsman was not an officer of the corporation whereas Brenda Parker is. This distinction is of consequence only because its attorney thought that under Carter v. Trevathan, Ky., 309 S.W.2d 746, 748 (1958), the corporation would be in the clear if it acted through one of its officers. As in *Tussey*, and in view of this misunderstanding, we decline to hold the respondent in contempt.

The respondent is found not in contempt.

All concur excepting NEIKIRK, J., who did not sit.