**FEDERAL INTERMEDIATE CREDIT BANK OF LOUISVILLE, Petitioner,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

Supreme Court of Kentucky.

Sept. 3, 1976.

John T. Miller, Ronald L. Gaffney, Barnett, Alagia, Greenebaum, Miller & Senn, Louisville, for petitioner.

Leslie G. Whitmer, Director, John T. Damron, Kentucky Bar Association, Frankfort, for respondent.

PER CURIAM.

Pursuant to RAP 3.530(e), Federal Intermediate Credit Bank of Louisville (hereinafter called the Bank) has moved for review of Advisory Opinion U–11 issued by the board of governors of the Kentucky Bar Association in October of 1975 and summarized on page 24 of the October 1975 issue of Kentucky Bench and Bar.

According to its text, the advisory opinion was given in response to a question submitted by the general counsel and secretary of the Bank, as follows:

"*QUESTION*: Does the completion of a printed real estate mortgage form by a lay employee of a governmental lending agency, using information furnished by an attorney, the form containing a printed facsimile of the signature of an attorney who is not an employee or officer of the specific agency as the preparer of the mortgage, constitute the unauthorized practice of law by the lay employee or by the agency?

"*ANSWER*: Yes.

"The Kentucky Bar Association has been requested, by way of a voluntary application of the General Counsel and Secretary of the Federal Intermediate Credit Bank, to furnish an opinion as to whether the mortgage preparation procedure used by production credit associations (PCA) in Kentucky involves the unauthorized practice of law.

"As described by the requesting party, the PCA procedure is as follows:

1. Prospective borrower's application is prepared and approved.
2. Local attorney prepares and submits a title opinion to PCA, which title

opinion, it appears, contains legal descriptions, source of title and other required data.

3. A PCA employee completes the blanks on a PCA mortgage printed form, utilizing the data furnished by the title opinion and also under general 'form' instructions from the general counsel.

4. Loan is closed and the mortgage is recorded.

5. Local attorney reviews records and submits his final certificate of title.

"From time to time renewals of loans are required and the procedure is then as follows:

1. Prospective borrower's application is prepared and approved.

2. PCA employee searches records for title developments since prior mortgage recorded. Any changes are noted and, if affect title, are referred to local attorney for new opinion.

3. In the event no changes are found, PCA employee completes blanks in new mortgage form, copying all information from prior mortgage except amount of loan.

4. Loan closed and mortgage recorded.

"The immediate question presented is whether step (3) in each of the procedures above involve (sic) the unauthorized practice of law.

"An examination of the blank mortgage form reveals the following information is filled in: date, name and address of borrower(s), legal description and source of title of property to be encumbered, if any, and completion of notary requirements. The form contains what appears to be standard mortgage language and reflects, at the foot thereof, a printed preparer's statement and a printed facsimile of the general counsel's signature. The general counsel concedes that he seldom personally sees or examines the completed document, although he prepared the printed form.

"It is well settled that preparation of mortgages is the practice of law. *Howton v. Morrow*, 269 Ky. 1, 106 S.W.2d 81 (1937)

at page 82, *Kentucky State Bar Association v. Tussey*, Ky., 476 S.W.2d 177 (1972) at page 178.

"It is clear, further, that a corporation may not, through professional or non-professional salaried employees, draft mortgages. *Frazee v. Citizens Fidelity Bank & Trust Co., et al.*, Ky., 393 S.W.2d 778 (1965) at page 784.

"Under the rule enunciated in the *Frazee* case, the proposed procedure of the PCA outlined above involves the unauthorized practice of law in the Commonwealth of Kentucky."

In its brief filed with this court the Bank has rephrased and broadened the question as follows:

"I. Whether An Attorney Who Is a Salaried Employee of a Corporation May Prepare Mortgages To Which The Corporation Is a Real Party In Interest?

"II. Whether the Completion of Blanks on Standardized Mortgage Form By a Lay Employee, Pursuant to the Instructions of the Attorney Who Prepared the Form and Upon Which a facsimile of His Signature as Preparer Appears, With Information Which IS Common Knowledge and With Information Provided by Another Attorney Constitutes The Preparation of a Legal Instrument and, Therefore, The Unauthorized Practice of Law?

(A) Whether Filling Uncompleted Spaces, Under the Facts and Circumstances of This Case, Requires the Exercise of Legal Knowledge or Legal Skills by the Lay Employee?

(B) Whether A Lay Employee Who Transcribed Information Into Blanks on Prescribed Legal Forms Pursuant to an Attorney's Instructions Is Practicing Law?"

Though we do not have the information necessary to determine whether the Bank is in fact or law a "real party in interest" to loan transactions between local production credit associations and the borrowing public, we shall assume for the purposes of this opinion that it is, and that the local PCA therefore is an arm of the Bank.

Three of our opinions in recent years express principles that should be borne in mind with reference to this case.

■ *Kentucky State Bar Association v. First Federal Sav. & L. Ass'n.*, Ky., 342 S.W.2d 397, 85 A.L.R.2d 178 (1961), held that although a corporation may properly employ its own licensed attorney to render legal services wholly for itself, it cannot sell to the public a service that includes legal services performed by its salaried attorney. Under this decision we are of the opinion that a lending institution certainly may have its mortgages drafted by its own counsel, so long as it collects for itself no charge against the borrower for that service and, as emphasized hereinafter, either its own counsel or some other licensed attorney passes judgment on and is responsible for the final product.

*Frazee v. Citizen's Fidelity Bank & Trust Co.*, Ky., 393 S.W.2d 778, 784 (1965), held that a bank or trust company cannot, through either salaried attorneys or lay employees, prepare deeds or mortgages for other persons; and *Kentucky State Bar Association v. Tussey*, Ky., 476 S.W.2d 177, 179 (1972), held that a lay employee cannot prepare legal instruments for his corporate employer, even though the employer is a party to the instrument.

■ Addressing ourselves to the question as it was presented to and answered by the Bar Association, we are of the opinion that when a lending agency presents to the borrower for execution a real estate mortgage that has been completed on a form prepared by one lawyer, with information such as the property description and payment schedule copied by a lay person from a loan application and a title certificate furnished by another attorney, neither of the respective attorneys having examined the instrument in its final form prior to execution by the borrower, the lending agency is practicing law without a license.

As a corollary proposition, it is fundamental that no person, lawyer or not, can truthfully certify that he has drafted an instrument unless and until it is completed and ready for signature, because until then it is not an instrument, but merely a form that can be sold by the bundle at any bookstore. It is no answer in this particular instance to say that each of the parts has been prepared by a licensed attorney. The fact is that when the instrument is presented to the unschooled layman as a fit and proper subject for his signature neither attorney has seen or passed on it as a whole.

Of course we shall not be trapped into declaring that when a typist copies a property description into a deed or mortgage form she is practicing law. Cf. *Carter v. Brien*, Ky., 309 S.W.2d 748, 749 (1956). It is the person for whom she is doing the work, and who will pass upon and cause the completed product to be presented for signature, who undertakes the responsibility for its legal sufficiency.[1] Cf. *Pioneer Title Trust Ins. & Trust Co. v. State Bar of Nevada*, 74 Nev. 186, 326 P.2d 408, 411 (1958).

■ In order to conform to the requirement that its mortgage be prepared by a licensed attorney it would be necessary for the local PCA (a) to return the final instrument to the Bank for approval and endorsement by its counsel or (b) to have the final instrument inspected and endorsed by local counsel[2] as the responsible drafter. One or the other must be done after the instrument is ready for signature and before it is signed.

In summary, Advisory Opinion U–11 of the Kentucky Bar Association is affirmed.

Full court sitting.

All concur.

---

1. The importance of an accurate description of the property conveyed or encumbered is exemplified in *Owen v. Neely*, Ky., 471 S.W.2d 705, 59 A.L.R.3d 1171 (1971).

2. Legal instruments are widely plagiarized, of course. We see no impropriety in one lawyer's adopting another's work, thus becoming the "drafter" in the sense that he accepts responsibility for it. That, after all, is the object at which KRS 382.335 is directed.